Filed 3/3/15  P. v. Williams CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT CHARLES WILLIAMS,<br><br>        Defendant and Appellant. | A142134<br><br>(Contra Costa County<br>Super. Ct. No. 51311091) |

Defendant appeals his convictions of robbery, attempted robbery, and assault with a deadly weapon. His attorney has asked this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was informed of his right to file a supplemental brief, which he has not done. Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the judgment.

**Background**

Defendant was charged with robbery (Pen. Code, §§ 211, 212.5, subd. (c)), [1] attempted robbery (§§ 211, 212.5, subd. (c), 664), and assault with a deadly weapon (§ 245, subd. (a)(1)). The information alleged that during the commission of the robbery and attempted robbery defendant personally used a deadly weapon within the meaning of section 12022, subdivision (b)(1), and that the assault was a serious felony within the meaning of sections 667 and 1192.7.  It was further alleged that in the commission of the charged offenses defendant violated the terms of the probation to which he was subject.

[1] All statutory references are to the Penal Code unless otherwise noted.

1

Finally, it was alleged that defendant was eligible to be sentenced to state prison as specified in section 667.5.

At trial, Mahesh Balley testified that he was working at his 7-Eleven store in Bay Point when a man entered, showed him a knife, and told him to get on the floor. Balley complied. The man jumped over the counter and stuffed lottery tickets into a bag and then moved to the rear of the store. Two customers, Theresa Bestul and Kenneth Jones, were in the rear of the store when the man approached them. The man pointed the knife at Bestul and ordered her to give him her car keys. She refused and a struggle ensued. When the man held the knife to Bestul's neck, Jones pushed him and after a struggle the man dropped the knife and ran from the store. There was blood on the floor and on the handle of the door to the store. This entire incident was captured on the 7-Eleven video surveillance tape.

Police officers performed a DNA test on the blood found at the scene and determined it was defendant's blood. Defendant was arrested and interviewed. A redacted videotape of defendant's interview was played for the jury in which he acknowledged that he had taken the lottery tickets. At trial, he explained that at the time of the incident he was broke and addicted to methamphetamine. That evening he had used more methamphetamine than usual and was unable to stay calm. After about 45 minutes of walking around the neighborhood, he had thoughts of doing "something stupid." He admitted telling Balley to get on the ground before taking the lottery tickets. He also admitted that he became fixated on getting Bestul's keys and engaged in a struggle with her. He claimed that he forgot about the knife, and did not think to put it down. His mind was racing, and he was just trying to grab the keys. When he saw blood, he "freaked out," not knowing whether the blood was hers or his own. He dropped the knife and ran from the store. The next morning, when he found the lottery scratchers next to him, he realized what he had done and just wanted it all to go away. After this incident, he stopped going anywhere near methamphetamine because it "freaked him out" that he was capable of doing something like that.

The jury found defendant guilty as charged and found the enhancement allegations true. The trial court found true the allegation that defendant was on probation at the time of the charged offenses. Defendant was sentenced to an aggregate term of five years in prison. Defendant filed a timely notice of appeal.

## Discussion

Defendant's sole defense at trial was that his voluntary intoxication negated the specific intent necessary to commit robbery and attempted robbery. We find no error in the relevant jury instructions or closing arguments. Substantial evidence undoubtedly supports defendant's conviction of the second degree robbery of Balley and the attempted robbery of and assault with a deadly weapon on Bestul.

Defendant was adequately represented by counsel throughout the proceedings and the sentence imposed was in all respects lawful.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## Disposition

The judgment is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

3